THIGPEN, Judge.
This is an appeal from an action to recover a debt.
Top Music Company, Inc., filed suit against Reginald and Portia Crenshaw, alleging that the Crenshaws had executed and delivered a promissory note whereby they promised to pay Top Music approximately $7,000 plus interest. The Cren-shaws maintained that the debt had been satisfied by way of Mr. Crenshaw’s endorsement to Top Music of a check made out to him and his father, Eddie Wilson, for insurance proceeds in the amount of $7,000. Wilson was a co-debtor on the note and he also endorsed the check to Top Music.
Following an ore tenus hearing, the trial court found for the Crenshaws. Thereafter, Top Music filed a motion to alter, amend, or vacate the judgment or, in the alternative,, for a new trial. The trial court denied the motion and this appeal followed. We affirm.
The dispositive issue is whether the judgment of the trial court was unsupported by the evidence and was so inadequate as to constitute reversible error.
We note initially that when a trial court receives evidence ore tenus, a presumption of correctness attaches to its judgment, and we will not reverse it unless the judgment is palpably wrong or manifestly unjust. Thomas v. Williams, 565 So.2d 264 (Ala.Civ.App.1990). Furthermore, when a trial court hears conflicting testimony and then enters its findings of fact, those findings are presumed correct; every presumption will be indulged in favor of the court’s findings, and those findings will not be disturbed unless they are palpably wrong. Gulledge v. Frosty Land Foods International, Inc., 414 So.2d 60 (Ala.1982).
The appellant contends that at trial undisputed testimony was presented that Top Music’s president, Nick Stratas, had spoken to James Teague, the attorney representing the Crenshaws. Stratas testified that, during his conversation with Teague, Stra-tas had agreed to endorse the check from the insurance proceeds to Wilson as a second loan (that is, the same check that the Crenshaws maintain was in satisfaction of the original debt), but that he would only endorse said check on the condition that the Crenshaws would remain liable for the debt.
Our review of the record, however, indicates that the evidence was disputed as to whether Crenshaw was aware of, or that he authorized, the diversion of the insurance proceeds to Wilson. Whether Stratas told Teague that he would endorse the check to Wilson only on the condition that Crenshaw would remain liable is also disputed.
In light of the broad amount of discretion afforded the trial court, we cannot hold that the trial court erred in finding that there was sufficient evidence to conclude that the Crenshaws satisfied their debt by way of endorsing the check for insurance proceeds to Top Music, and that there was insufficient evidence to conclude that the Crenshaws authorized the diversion of the insurance proceeds to Wilson. Therefore, the decision of the trial court is affirmed.
The Crenshaws contend that Top Music’s appeal is frivolous; thus, they are requesting damages, costs, and an attorney’s fee. This request is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.